UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| JOHN JOSEPH TWOROG,<br>　　　Plaintiff,<br><br>　　v.<br><br>WILLIAM BURKE,<br>　　　Defendant. | C.A. No. 23-140-JJM |

## ORDER

Debtor John Joseph Tworog, a former lawyer and current pro se litigant, has actively engaged several courts with various litigation—mostly stemming from his divorce—over the last dozen years. Mr. Tworog's divorce proceedings spanned over twelve years and spawned four separate appeals to the Rhode Island Supreme Court. During that same time, Mr. Tworog has filed five separate bankruptcy cases[1] in which he has included a claim against his ex-wife's divorce lawyer, William Burke.[2] Each bankruptcy filing resulted in the imposition of an automatic stay of his state court divorce proceedings. Additionally, Mr. Tworog sought to bring adversarial claims against the Rhode Island Supreme Court Chief Justice, and against Mr. Burke's attorney in this case.

---

[1] Mr. Tworog filed for bankruptcy in 2010, 2011, 2012, 2013, 2018, and 2020. The Bankruptcy Court notes that the prior bankruptcy proceedings "were skeleton cases that were dismissed for failure to file required documents." ECF No. 1-3 at 2.

[2] Defendant William Burke's attorney recently filed a suggestion of Mr. Burke's death.

After litigating his fifth bankruptcy case for almost three years whose disposition resulted in many decisions and orders, Mr. Tworog appeals the Final Judgment of the Bankruptcy Court[3] to this Court. Before the Court is Mr. Burke's Motion for Summary Affirmance, or to Dismiss Appeal, or to Strike Appellant's Brief. ECF No. 11.

## I. STANDARD OF REVIEW

In reviewing an appeal from a bankruptcy court final judgment, this Court employs "the same familiar standards of review normally employed in direct appeals to the courts of appeals in civil cases generally. The district court accepts all bankruptcy court findings of fact unless 'clearly erroneous,' but reviews rulings of law de novo." *In re LaRoche*, 969 F.2d 1299, 1301 (1st Cir. 1992) (quoting Fed. R. Bankr. P. 8013). The court "independently reviews the bankruptcy court's decision, applying the clearly erroneous standard to findings of fact and de novo review to conclusions of law." *In re LaRoche*, 969 F.2d at 1301 (quoting *In re G.S.F. Corp.*, 938 F.2d 1467, 1474 (1st Cir. 1991)). Thus, just as the First Circuit would if it reviewed this appeal, this Court will "focus on the bankruptcy court's decision, scrutinize that court's

---

[3] Mr. Tworog states that he is appealing: (1) Decision and Order by Judge Finkle dated May 14, 2021; (2) Decision on 2018 Stay Violation Claim dated February 24, 2023; (3) All Orders on Amended Motion to Join Christopher Lefebvre as Defendant the final Order on February 24, 2023; (4) Decision and Order on Motion to Reopen Case to Amend Schedules and to Reconsider Order dated January 20, 2023; (5) All Decisions and Orders Denying Motions to Join Paul Suttell as defendant; (6) Order entered on December 21, 2021; (7) Order entered on April 7, 2022; (8) Order on Motion to Enter Re-Proposed Amended Adversary Complaint including all denials of Count X and Count Y, last entered on February 24, 2023; and (9) Final Judgment entered on February 24, 2023. ECF No. 14 at 4.

findings of fact for clear error, and afford de novo review to its conclusions of law." *In re Healthco Int'l, Inc.*, 132 F.3d 104, 107 (1st Cir. 1997).

## II. DISCUSSION

Mr. Tworog's Brief in Support of his Appeal violates Rule 8014 of the Fed. R. Bank. P. in many ways, making it almost impossible for the Court to evaluate his claims under the applicable standard of review. Specifically, it fails to contain "(5) a statement of the issues presented, and for each one, a concise statement of the applicable standard of appellate review" and "(7) a summary of the argument which must contain a succinct, clear, and accurate statement of the arguments made in the body of the brief, and which must not merely repeat the argument headings." Not only does he not lodge his appeal based on substance, but also the basis for his "issues" consists of ad hominem attacks[4] against people involved in this needlessly long-run saga, many of whom gave him multiple chances, their time, and due process in bringing his many claims.

But, considering Mr. Tworog's pro se status, the Court will try to understand his issues so that it can resolve Mr. Burke's motion. Mr. Tworog seemingly identifies six issues: (1) his stay violation claim; (2) the state Family Court and Rhode Island Supreme Court's alleged violation of the automatic stay; (3) his desire to add a claim

---

[4] For example, Mr. Tworog calls the Family Court judge who presided over his divorce proceedings a "renegade judge" who is "truly a demented person." ECF No. 9 at 1, 2. He alleges that Mr. Burke "fully participated in the illegal hearing." *Id.* at 2. He wants to sue the Chief Justice of the Rhode Island Supreme Court personally "because by his decision he caused the infliction of emotional distress on" him. *Id.* at 4. He also alleges that the parties and their attorneys "went into full perjury mode" and forged signatures. *Id.* at 5, 6.

against the Chief Justice of the Rhode Island Supreme Court; (4) the Bankruptcy Judge's alleged "fraud and judicial misconduct"; (5) allegations that his ex-wife's lawyer, William Burke, engaged in criminal activity; and (6) that Mr. Burke's lawyer in this case acted unethically. ECF No. 9. He does not, however, identify the facts that the Bankruptcy Judge found that he alleges are clearly erroneous nor does he challenge specific legal rulings for this Court's de novo review.

After a thorough review of all the papers, as well as the Bankruptcy Judge's Decisions and Orders, the Court has concluded, consistent with its standard of review, that the Bankruptcy Court made no clear error in determining the facts and made no errors in its conclusions of law.

### 1. The 2013 Stay Violation Claim (Issues 1 & 2)

Mr. Tworog alleges that the Bankruptcy Court erred in denying his claim about the actions of the Rhode Island Family Court and the Rhode Island Supreme Court considering the bankruptcy statute's automatic stay. He asks this Court to (1) "find that Mr. Tworog's claim on his Schedule A/B is not "clearly inconsistent" with his 2013 Stay Violation Claim against Mr. Burke and the AP-20-1008 be amended to include that claim" (ECF No. 9 at 3); and (2) "that this Court hold that his 2016 Appeal to the Rhode Island Supreme Court is still pending and that body vacate its judgment and substitute the judgment that [the Family Court judges'] orders from the August 2013 hearing are null and void." *Id.* at 3-4.

Mr. Tworog's brief fails to lay out the facts underlying these issues so the Court cannot evaluate whether the Bankruptcy Court's findings were clearly erroneous, but

4

the Bankruptcy Court correctly found as a matter of law that Mr. Tworog lacked standing to raise these claims and judicial estoppel prohibited him from pursing the claims in an adversarial proceeding. ECF No. 1-3 at 8-12. The Bankruptcy Judge also correctly pointed out that Mr. Tworog was trying to "nullify the Family Court's award of attorneys' fees" in violation of the *Rooker-Feldman* doctrine. *Id.* at 15-16. A review of that decision shows no error of law.

### 2. Motion to Add Supreme Court Chief Justice to the adversarial proceeding (Issue 3)

Mr. Tworog sought leave to add the Chief Justice of the Rhode Island Supreme Court as a defendant to his adversarial proceeding claiming that the chief justice allowed a hearing to take place in violation of the automatic stay. The Bankruptcy Court correctly denied the motion first because it was untimely and prejudicial, and secondly because it would be futile considering the chief judge's judicial immunity for his judicial acts made within his jurisdiction. ECF No. 1-5. A review of that decision shows no error.

### 3. 2018 Stay Violation (Issue 4)

Mr. Tworog alleges that Mr. Burke violated the 2018 automatic stay that went into effect when he filed his fifth bankruptcy petition days before the Rhode Island Supreme Court heard arguments in his divorce proceedings. ECF No. 9 at 4-6. The Bankruptcy Court held a trial on this claim, took evidence, and then issued a decision granting judgment to Mr. Burke. ECF No. 1-7. The Court applied the right law, made findings of credibility, and concluded as a matter of law that "Mr. Burke did not violate the automatic stay." *Id.* at 12. A review of the entire record shows

that there was no clear error in the Bankruptcy Court's findings of fact, and that she correctly stated and applied all proper laws.

### 4. Claims against Mr. Burke and his Attorney (Issues 5 and 6)

Mr. Tworog looks to add claims against Mr. Burke claiming he is "guilty of vicarious liability for allowing criminal activity for someone who works for him." (ECF No. 9 at 7), and that "someone" is Mr. Burke's attorney. The Bankruptcy Court found that Mr. Tworog's attempt to amend the complaint and add these claims was futile, and that he "cannot meet the conditions mandated by Rule 15(b)(2)." ECF No. 1-8 at 5. A review of that decision shows no error.

### III. CONCLUSION

Mr. Tworog has failed to show that the Bankruptcy Court incorrectly stated or applied the law, and he did not show that she was clearly wrong in any of her factual findings. In fact, the Court observes that the Bankruptcy Court was thoughtful, thorough, and extremely patient with Mr. Tworog through his five bankruptcy filings and many motions to amend and reconsider. A review of the entire record uncovers no error of law or fact. Thus, the Court GRANTS Mr. Burke's Motion to Dismiss this bankruptcy appeal. Judgment is entered for the Defendant.

IT IS SO ORDERED.

_____
John J. McConnell, Jr.
Chief Judge
United States District Court

January 23, 2024